UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nathanial James Hasher,　　　　　　　　　　　　　　　　　Civil No. 04-2979 (PAM/RLE)

　　　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

City of Rochester, a Minnesota municipal
entity; Officer E. Fritz, Badge No. 187, personally,
individually, and in his capacity as a Rochester
Police Officer; Officer Faudskar, personally,
individually, and in his capacity as a Rochester
Police Officer; officers Jane Doe and Richard
Roe, unknown and unnamed Rochester Police
Officers, personally, individually, and in their
capacities as Rochester Police Officers; and Roger
L. Peterson, Chief of Police, personally, individually,
and in his official capacity,

　　　　　　　　　　Defendants.

---

This matter is before the Court on Defendants' Motion for Summary Judgment. For the reasons that follow, the Motion is granted.

**BACKGROUND**

**A.　　Rochester Fest**

Plaintiff Nathanial James Hasher attended Rochester Fest on June 22, 2002, with Sara Werner and her son and his friends.[1]  Plaintiff's group sat at one end of a picnic table, and a group of older adults sat at the other end of the table. Although the parties dispute exactly what happened and what was said, the two groups seated at the picnic table exchanged unfriendly

---

　　[1]　The parties dispute the circumstances that gave rise to police involvement. Accordingly, the Court recites the facts in the light most favorable to Plaintiff.

words. Plaintiff moved to another table, and again, unfriendly words were exchanged. The group of older adults complained to police officers standing nearby. According to Plaintiff, Defendant Officer Fritz approached Plaintiff and asked him if he would voluntarily leave Rochester Fest, and Plaintiff agreed. Plaintiff turned to the group at the picnic table, and shook his finger at them. Despite his purported voluntariness to leave, Plaintiff complains that Defendant Fritz nevertheless pushed Plaintiff toward the exit, causing him to trip and stumble. When Plaintiff stopped to wait for Ms. Werner, Plaintiff claims that Defendant Fritz ran full speed directly at him and tackled him to the ground. Defendant Fritz handcuffed him, and Plaintiff asserts that Defendant Fritz pulled down on his handcuffed wrists with all of his weight. Plaintiff complains that he heard his wrists pop. Plaintiff asserts that he was forced to kneel on the ground in his handcuffs. He was then taken to Olmsted County Jail and charged with disorderly conduct. On March 25, 2003, following a bench trial, Plaintiff was convicted on this disorderly conduct charge. The Court concluded that Plaintiff engaged in offensive language and unreasonable conduct which constituted disorderly conduct.

**B.     Injuries**

Plaintiff claims that as a result of Defendant Officers' rough behavior, he sustained serious permanent injuries to his wrists, arms and back. He claims that he has suffered nerve damage, and that his emotional health was devastated as a result. He alleges that he became angry and depressed.

Plaintiff saw various medical personnel. Dr. Andy Chin of the Mayo Clinic examined Plaintiff for a period of time following the arrest. On October 1, 2002, Dr. Chin noted that

the Mayo Clinic "had performed several tests . . . which showed no nerve damage," and that despite examinations by Neurology and the Hand Clinic, the "overall assessment is that there is no serious or permanent nerve or muscle damage." (Hiveley Aff. Ex. F.) Medical records from April 13, 2004, by Dr. Deborah Hughes note that despite Plaintiff's complaints of pain, "[h]e has had extensive evaluation both by Neurology and EMG which shows no evidence of nerve damage." (Id. Ex. G.) On November 5, 2004, Plaintiff was examined by Dr. Enrique Bolona, who also noted that Plaintiff "has had extensive evaluation . . . of the bilateral wrists which have been negative." (Id. Ex. H.)

**C.   Claims**

Plaintiff's claims are against: (1) the City of Rochester; (2) Officer Fritz; (3) Officer Faudskar; (4) Officers Jane Doe and Richard Roe; and (5) Rochester Chief of Police Roger Peterson. He claims that Defendants' actions constituted: (1) a violation of his constitutional rights; (2) a violation of his civil rights under 42 U.S.C. § 1985; (3) assault; (4) battery; (5) intentional infliction of emotional distress; and (6) negligent infliction of emotional distress. Defendants bring this Motion on all claims.

**DISCUSSION**

**A.   Standard of Review**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747

(8th Cir. 1996). However, as the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Enter. Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**B.       Unnamed Defendants**

Plaintiff's Complaint lists two unnamed officers as defendants in their individual and official capacities. However, despite the tenure of this litigation and the full discovery process, Plaintiff has made no effort to amend the pleadings to include or substitute named defendants. Because discovery is complete and the deadline for amendments has passed, and because Plaintiff fails to identify the unnamed officers and object to Defendants' Motion to dismiss these unnamed Defendants, Defendants' Motion on this point is granted. See Thorton v. United States Dep't of Justice, 93 F. Supp. 2d 1057, 1063-64 (D. Minn. 2000) (Tunheim, J.).

**C.       42 U.S.C. § 1983**

4

Plaintiff claims his constitutional rights were violated. He brings three claims under 42 U.S.C. § 1983: (1) a Monell claim against Defendant City of Rochester; (2) a failure to prevent claim against Defendant City of Rochester; and (3) claims against the individual Defendants for alleged violations of the Fourth, Fifth, Eighth and Fourteenth Amendments.

1. Monell

A municipality may be liable under § 1983. Monell v. Dep't of Social Servs. of New York, 436 U.S. 658, 694-95 (1978). However, a municipality cannot be liable under the respondeat superior theory. Id. Rather, the municipality must employ a policy or custom that "inflicts the injury" on the plaintiff. Id. A municipal custom or policy requires Plaintiff to demonstrate: (1) the existence of a continuing, persistent, widespread pattern of unconstitutional misconduct by the City of Rochester's employees; (2) deliberate indifference to or authorization of unconstitutional conduct by the City of Rochester's policymaking officials after notice to the officials of the purported misconduct; and (3) that Plaintiff was injured by acts pursuant to this policy, which was the moving force behind the violation. Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999).

Plaintiff offers no evidence to support this claim. First, Plaintiff offers no evidence that indicates that the City of Rochester employs a custom or policy. Rather, Plaintiff complains of a single incident, submits no evidence of a pattern, and further fails to indicate that the City of Rochester's policymaking officials deliberately disregarded recurring police misconduct. Because Plaintiff has failed to demonstrate the fundamental elements of his Monell claim, Defendants' Motion is granted on this point.

Plaintiff also contends that the City of Rochester and Rochester Police Chief Roger Peterson failed to train, supervise, and discipline the officers who allegedly violated Plaintiff's constitutional rights. Plaintiff must demonstrate that this failure to train evidences a deliberate indifference to Plaintiff's rights. See, e.g., City of Canton v. Harris, 489 U.S. 378, 389 (1989). That is, Plaintiff must show that the City of Rochester and Defendant Peterson had notice that its procedures were inadequate and likely to result in a violation of Plaintiff's constitutional rights. See id. at 396. Plaintiff offers no evidence that indicates that training procedures were inadequate. In fact, Defendants submit evidence demonstrating the significant training that the individual Defendants have had. (See Hively Aff. Ex. J.) Bald allegations, unsupported by factual evidence, do not create a genuine issue of fact sufficient to withstand summary judgment. Accordingly, Defendants' Motion on this point is granted.

    2.    Constitutional rights

Plaintiff claims that Defendants Fritz and Faudskar violated his constitutional rights, in that their actions constituted: (1) unreasonable seizure; (2) excessive force; (3) summary punishment; (4) a due process violation; and (5) a violation of his equal protection rights. To prevail on a § 1983 claim, Plaintiff must demonstrate that a person acting under color of state law violated a right protected by the Constitution. Although Plaintiff asserts claims under the Fifth and Eighth Amendments, Plaintiff's claims arise under the Fourth and Fourteenth Amendments.

Defendants contend that they are entitled to qualified immunity. The Court must make a three-part inquiry to determine if Defendants are entitled to qualified immunity: (1) whether

Plaintiff has asserted a violation of his constitutional rights; (2) whether the allegedly violated constitutional right was clearly established; and (3) whether there are no genuine issues of material fact as to whether a reasonable official would have known that the alleged acts violated that right. See Foulks v. Cole County, 991 F.2d 454, 456 (8th Cir. 1993). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Saucier v. Katz, 533 U.S. 194, 201 (2001). Plaintiff's claims fail for want of a constitutional violation.

      a.    Fourth Amendment

Plaintiff claims that he was subjected to excessive force during his arrest. The right to be free from excessive force is a clearly established right under the Fourth Amendment. See Crumley v. City of St. Paul, 324 F.3d 1003, 1007 (8th Cir. 2003). However, "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham v. Connor, 490 U.S. 386, 396 (1989). Not every shove or push violates the Fourth Amendment. See id.; see also Andrews v. Fuoss, – F.3d – , 2005 WL 1797458, at * 4 (8th Cir. Aug. 1, 2005); McCoy v. City of Monticello, 342 F.3d 842, 846 (8th Cir. 2003). The Court must evaluate the totality of the circumstances to determine whether the officer's actions were objectively reasonable in light of the circumstances. Greiner v. City of Champlin, 27 F.3d 1346, 1354 (8th Cir. 1994). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain and rapidly evolving – about the amount of force that is necessary in a particular situation." Graham, 490

U.S. at 396-97. Relevant considerations include the severity of the crime, whether the suspect posed a threat to the safety of both the officers and others, and whether the suspect was resisting arrest. See Foster v. Metro. Airports Comm'n, 914 F.2d 1076, 1082 (8th Cir. 1990).

Although "[i]t remains an open question in this circuit whether an excessive force claim requires some minimum level of injury," the Plaintiff must demonstrate that the use of force or injury is more than de minimus. See Crumley, 324 F.3d at 1007. The Court may also consider the result of the force. See id. "[A]llegations of pain as a result of being handcuffed, without some evidence of more permanent injury," are insufficient to support a Fourth Amendment violation. Foster, 914 F.2d at 1092. In Foster, the plaintiff claimed that he suffered nerve damage because of the handcuffs. However, the record was devoid of any medical records that supported his claims. Id. Thus, in this case, Plaintiff must show that he suffered more than minor injuries.

Plaintiff's claims fail because he cannot demonstrate that he suffered more than minor injuries. Plaintiff concedes that he did not request medical attention at any time throughout his arrest or upon his arrival at the police station, and although he complains that he suffers from nerve damage in his wrists and hands, the evidence from medical professionals completely undermine his claims. Plaintiff's medical records consistently state that he does not suffer from serious or permanent nerve damage. (See Hiveley Aff. Exs. F-H.) Plaintiff offers no argument or evidence to rebut this conclusion. See Crumley, 324 F.3d at 1008 (in the absence of injury, no reasonable jury could find that officers used excessive force in making arrest or securing handcuffs). Thus, in the absence of more than minimal injury,

Plaintiff's claim that Defendants utilized excessive force during his arrest fails.

        b.      <u>Fourteenth Amendment</u>

Plaintiff appears to contend that he was denied equal protection of the law in violation of the Fourteenth Amendment. In order to state an equal protection claim, Plaintiff must demonstrate that persons who are similarly situated are treated differently by Defendants and that Defendants fail to provide a rational basis for this differing treatment. <u>See</u> <u>Moreland v. United States</u>, 968 F.2d 655, 660 (8th Cir. 1992). However, the Complaint fails to allege any facts to support this claim, and indeed, Plaintiff sets forth no evidence in support of it. Accordingly, Plaintiff's claims under the Fourteenth Amendment fail.

    3.    <u>Failure to Prevent</u>

Plaintiff claims that Defendant Fritz failed to take reasonable steps to prevent the other Defendants from violating Plaintiff's constitutional rights. This claim assumes that another officer violated Plaintiff's constitutional rights. <u>See</u> <u>Hawkinson v. Anoka County</u>, No. 03-4416, 2004 WL 2453046, at *5 (D. Minn. Oct. 24, 2004) (Magnuson, J.). As noted above, because there are no constitutional violations, Defendants are entitled to summary judgment on this claim.

**D.    42 U.S.C. § 1985**

Plaintiff claims that his civil rights were violated under § 1985(3). Plaintiff submits that Defendant Fritz conspired to deprive Plaintiff of equal protection of the laws, based on his status as a disabled person. (Compl. ¶¶ 46-47.) To establish a claim under § 1985, Plaintiff must demonstrate: (1) a conspiracy; (2) for the purpose of depriving another of equal

protection of the law; (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or deprivation of a legal right. See Federer v. Gephardt, 363 F.3d 754, 757-58 (8th Cir. 2004). Claims under § 1985(3) require Plaintiff to prove a racial or class-based animus. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Indeed, Plaintiff "concedes the lack of class- or race-based animus," but instead contends that Defendants acted in animus towards Plaintiff because he was with multi-racial people at Rochester Fest. (Pl.'s Mem. in Opp'n at 24.)

Plaintiff's § 1985 claim fails on its face. First, there is no evidence of race- or class-based animus. Second, even if Plaintiff's argument that Defendants conspired against him because of the race of his companions was meritorious, Plaintiff's Complaint does not reflect such pleading. Moreover, there is no evidence to support this contention. Plaintiff offers no facts to support the existence of a conspiracy, much less any evidence that Defendants were aware of Plaintiff's purported disability. Plaintiff's § 1985(3) claim fails as a matter of law.

**E.     State Law Claims**

Plaintiff asserts a myriad of pendant state law claims, including assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. The Court concludes that Plaintiff's state law claims fail.

    1.     Assault and Battery

Official immunity is available to officials if their acts are discretionary and they do not act maliciously or willfully. See Johnson v. Morris, 453 N.W.2d 31, 41-42 (Minn. 1990). Whether an act is discretionary or ministerial is a question of law. See Miskovich v. Indep.

Sch. Dist. 318, 226 F. Supp. 2d 990, 1020 (D. Minn. 2001) (Erickson, Mag. J.). Generally, an officer performing his or her duty to prevent crime and enforce the law is usually exercising discretion.  Id.  In this case, Defendant Fritz's decision to arrest Plaintiff is discretionary. Thus, absent evidence of malicious or willful misconduct, Defendant Fritz is entitled to official immunity.

The Complaint broadly alleges that Defendant Fritz acted maliciously and willfully by handcuffing Plaintiff and pulling down on Plaintiff's hands. However, malice requires Plaintiff to demonstrate that Defendant Fritz intentionally committed a wrongful act without legal justification or excuse.[2]  See id.  Indeed, the legal reasonableness of the official's actions is relevant to whether the officer committed a malicious or willful wrong. See Rico v. State, 472 N.W.2d 100, 108 (Minn. 1991). The Court has already concluded that Defendant's actions do not amount to a constitutional violation. Moreover, Plaintiff fails to "present specific fact evidencing bad faith." Reuter v. City of New Hope, 449 N.W.2d 745, 751 (Minn. Ct. App. 1990). Thus, the Court finds that Defendant Fritz is entitled to official immunity.

---

[2] Plaintiff submits a supplemental affidavit, and argues that it demonstrates that Defendant Fritz acted with malice. Defendant Fritz was suspended for four days for an incident while he was on duty in October 2004. Defendant Fritz appealed the suspension, and the arbitrator determined that Defendant Fritz was properly suspended for "unauthorized use of force, making an unauthorized arrest, and inappropriate demeanor." Plaintiff submits that this decision supports that Defendant Fritz acted with malice towards Plaintiff. (See July 28, 2005 Woolman Aff. ¶ 6.) However, this evidence is not relevant to the instant claims, as the incident occurred over two years prior to the incident involved in the arbitration. Moreover, this evidence directly contravenes the purpose of Federal Rule of Evidence 404(b), and despite Plaintiff's assertions to the contrary, is inadmissible as propensity evidence. Finally, evidence of bad faith towards someone other than Plaintiff is not probative evidence of malice.

Accordingly, because Defendant Fritz is entitled to official immunity, the City of Rochester is likewise entitled to vicarious official immunity. See <u>Miskovich</u>, 226 F. Supp. 2d at 1025.

    2.    <u>Emotional Distress</u>

Intentional infliction of emotional distress requires Plaintiff to prove that the: (1) conduct was extreme and outrageous; (2) conduct was intentional or reckless; (3) conduct caused emotional distress; and (4) distress was severe. <u>Hubbard v. United Press Int'l, Inc.</u>, 330 N.W.2d 428, 438-39 (Minn. 1983). The conduct must be so "atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community." <u>Id.</u> at 439 (citations omitted). The conduct that Plaintiff complains of is not so extreme or outrageous that it passes the boundaries of decency. Defendant Fritz arrested Plaintiff for disorderly conduct – a crime which Plaintiff was convicted of – and, as a matter of law, is not "utterly intolerable." Moreover, the distress that Plaintiff complains of does not arise to the severity required by law. Although the Complaint contends that he suffers anxiety, depression, embarrassment, and unsteady nerves, Plaintiff offers no evidence to support these claims. Thus, this claim is dismissed.

Plaintiff also states a claim for negligent infliction of emotional distress. This claim requires Plaintiff to prove that he was within a zone of danger of physical impact, reasonably fears for his safety, and consequently suffers severe emotional distress with resultant physical injury. See <u>Stadler v. Cross</u>, 295 N.W.2d 552, 553 (Minn. 1980). Plaintiff provides no evidence of a physical manifestation of emotional distress. Although Plaintiff complains of physical injuries, these purported injuries relate only to the alleged battery and do not satisfy

the elements necessary to prevail on a negligent infliction of emotional distress claim. Thus, Plaintiff's claim fails.

**CONCLUSION**

Plaintiff fails to demonstrate that a genuine issue of material fact remains for trial. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Clerk Doc. No. 12) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 11, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
